IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. CRONIN,<br>          Plaintiff,<br><br>          v.<br><br>THOMAS G. OAKES, II, and<br>ECKERT, SEAMANS, CHERIN &<br>MELLOTT, LLC,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO. 14-2412 |

DuBois, J.                                                                                                    December 29, 2014

M E M O R A N D U M

I.   INTRODUCTION

Plaintiff Joseph D. Cronin sued defendants Thomas G. Oakes, II and Eckert, Seamans, Cherin & Mellott, LLC, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d and 1692e. Presently before the Court is Defendants' Motion to Dismiss the Complaint. Plaintiff has failed to respond to the Motion notwithstanding the Court's grant of additional time to do so. For the reasons that follow, the Motion to Dismiss is granted.

II.  BACKGROUND

This case concerns defendants' attempts to recover a debt from plaintiff. In the Complaint with attached exhibits, plaintiff alleges the following facts: On or about June 25, 2012 and November 21, 2012, Thomas G. Oaks Associates, LLC, provided court reporting services to plaintiff, who is an attorney and operates as the Cronin Firm, in the matter of Norris v. Kent. The total alleged debt arising out of those services amounted to $331.41, including interest and finance charges. There was no written contract between plaintiff and Thomas G. Oaks Associates, LLC, for the services rendered. On or about February 10, 2014, defendants informed

plaintiff that they were retained by Thomas G. Oakes Associates, LLC, to attempt to collect the alleged debt.

On April 15, 2014, defendants sent plaintiff a letter stating that they would report him to the local bar association for professional misconduct if he did not pay the balance owed for the services rendered within fifteen business days.  On April 24, 2014, plaintiff sent a letter and an accompanying check to defendants, satisfying the alleged debt amount in full.  In response, defendants sent another letter containing accusations and alleged misrepresentations to plaintiff.

**III.     LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  To survive a motion to dismiss, a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  In deciding a motion to dismiss, courts generally consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court used a "two-pronged approach," which it later

formalized in Iqbal.  Iqbal, 556 U.S. at 679; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions."  Twombly, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded.  Iqbal, 556 U.S. at 679.  The court then assesses "the 'nub' of the plaintiff['s] complaint — the well-pleaded, nonconclusory factual allegation[s]" — to determine whether it states a plausible claim for relief.  Id.

**IV.    DISCUSSION**

In his Complaint, plaintiff asserts two claims against defendants under the FDCPA.  First, plaintiff alleges that defendants have engaged in conduct, the natural consequence of which was to harass, oppress, or abuse plaintiff in violation of § 1692d.  Second,  plaintiff alleges that defendants made false, deceptive and misleading statements in connection with the collection of a consumer debt in violation of § 1692e.

Defendants now move to dismiss the Complaint.  By Order dated August 25, 2014, the Court instructed plaintiff to file and serve a response to defendants' Motion to Dismiss by September 15, 2014, and provided in the Order that in the event plaintiff failed to respond or request additional time for doing so on or before that date, the Court would decide the Motion to Dismiss on the then present state of the record.  See E.D. Pa. Local Civil Rule 7.1(c) ("In the absence of timely response, [a] motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed.R.Civ.P. 56(c).").  Notwithstanding that Order, plaintiff failed to respond to the Motion.

Defendants argue that plaintiff has failed to state a claim under the FDCPA because the alleged debt arose from a business transaction, i.e. the provision of court reporting services, as

opposed to a transaction "primarily for personal, family, or household purposes."  Defendant contends that because the FDCPA does not cover business or commercial debts, the alleged debt is not subject to the protections and remedies under the FDCPA.  The Court agrees.

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'"  Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987).  The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).

Courts have consistently held that the FDCPA is not applicable to the collection of commercial debts.  Lyon Fin. Servs., Inc. v. Woodlake Imaging, LLC, No. 04-CV-3334, 2005 WL 331695, at *6 (E.D. Pa. Feb. 9, 2005) (citations omitted); see also Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 698 F.3d 290, 294 (6th Cir. 2012) (discussing cases holding that FDCPA is inapplicable to business debts); First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 136 (5th Cir. 1995) ("obligation under a guaranty agreement in connection with a commercial transaction" was not for "personal or household purposes" and therefore was not a "debt" under the FDCPA); Staub v. Harris, 626 F.2d 275, 278 (3d Cir. 1980) ("The Act was intended to apply 'only to debts contracted by consumers for personal, family or household purposes'; even the collection of commercial accounts is beyond its coverage."); Isaacson v. Saba Commercial Servs. Corp., 636 F. Supp. 2d 722, 725 (N.D. Ill. 2009) (FDCPA inapplicable where "debt reported to the credit bureaus 'originat[ed] from a business debt on behalf of a not for profit corporation . . . .'"); Beaton v. Reynolds, Ridings, Vogt & Morgan, P.L.L.C., 986 F.

Supp. 1360, 1362 (W.D. Okla. 1998) (FDCPA not applicable where plaintiff's purchase "related to a business venture, not personal edification"); In re Howe, 446 B.R. 170, 173 (Bankr. E.D. Pa. 2009) (and cases cited therein).

To determine whether an obligation is a consumer debt covered by the FDCPA rather than a business debt, courts examine the nature of the transaction from which the debt arose. Sheehan v. Mellon Bank, No. 95-2969, 1995 WL 549018, at *2 (E.D. Pa. Sept. 13, 1995); In re Howe, 446 B.R. at 174; see also Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068 (9th Cir. 1992); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols et al., 214 F.3d 872, 875–76 (7th Cir. 2000) (whether debt is consumer debt covered by the FDCPA depends on "the transaction out of which the obligation to repay arose, not the obligation itself"). Moreover, "[t]he Act characterizes debts in terms of end uses. . . ." Bloom, 972 F.2d at 1068; Davis v. Hollins Law, 968 F. Supp. 2d 1072, 1077 (E.D. Cal. 2013) (in determining whether a debt is primarily for personal, family or household purpose, "it is the funds' actual use that is paramount").

Plaintiff alleges that defendants violated the FDCPA in its collection of monies that were not paid for court reporting services that Thomas G. Oakes Associates, LLC provided to plaintiff on June 25, 2012 and November 2, 2012. (Compl. ¶¶ 8, 9.)  These services were used by plaintiff, an attorney, for a legal matter in which plaintiff served as counsel. Id.  Plaintiff's payment of the alleged debt on April 24, 2014 was made from the "PA Operating Account" of "Cronin Law Firm LLC," plaintiff's law firm in Philadelphia. (Compl. Ex. B.)

Plaintiff has not alleged any facts demonstrating that the debt he incurred was "primarily for personal, family, or household purposes."  To the contrary, the facts, taken as true, reveal that the debt at issue is a business debt.  The fact that there was no written contract between plaintiff and Thomas G. Oakes Associates, LLC, for the court reporting services at issue does not render

the transaction one that falls within the ambit of the FDCPA.  <u>See</u> <u>Bloom</u>, 972 F.2d at 1068.  The Court thus concludes that the FDCPA is inapplicable, and therefore plaintiff has failed to state a claim upon which relief may be granted with respect to both claims asserted in the Complaint.

## V. CONCLUSION

For the aforementioned reasons, the Court grants defendants' Motion to Dismiss the Complaint, and plaintiff's Complaint is dismissed with prejudice.

An appropriate order follows.